IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2128-D

**David Lee Smith**,

        Petitioner,

v.

**United States of America**,

        Respondent.

**Memorandum & Recommendation**

    David Lee Smith, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts ("Habeas Rules"). Also before the court are Smith's motion for preliminary injunction (D.E. 4), and his motion for release (D.E. 6). For the following reasons, the undersigned recommends[1] that Smith's petition be dismissed without prejudice; that a certificate of appealability be denied; and that Smith's remaining motions be denied as moot.

    Court records indicate that Smith previously filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction. *See Smith v. Jackson*, No. 5:06-HC-2061-BO (E.D.N.C. dismissed Feb. 26, 2007). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

    (A)    the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

---

[1] The court has referred this matter to the undersigned magistrate judge for entry of a Memorandum and Recommendation. 28 U.S.C. § 636(b).

(B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004) ("The initial determination of whether a claim satisfies [the requirements set forth in § 2244(b)(2)] must be made by a court of appeals.") (citation omitted). Smith has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, it is recommended that Smith's habeas claim be dismissed without prejudice to allow him to seek authorization to file this application.

The court now determines whether Smith is entitled to a certificate of appealability. Rule 11 of the Habeas Rules provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Smith is not entitled to relief, the court considers whether Smith is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of Smith's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the undersigned recommends that a certificate of appealability be denied.

**Conclusion**

For the foregoing reasons, the undersigned recommends that Smith's petition be dismissed without prejudice; that a certificate of appealability be denied; and that Smith's remaining motions be denied as moot.

The Clerk is ordered to send a copy of this Memorandum and Recommendation to Smith. He shall have until 14 days after service of the Memorandum and Recommendation to file written

objections.  The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions.  *See, e.g.,* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If Smith does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review.  In addition, his failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins***, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Dated:  August 12, 2015

_____
Robert T. Numbers, II
United States Magistrate Judge